```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA

BOBBY ZANE THOMAS,              )
                                )
          Plaintiff,            )
                                )
v.                              )   Case No. CIV-21-217-JAR
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
          Defendant.            )
```

**OPINION AND ORDER**

Plaintiff Bobby Zane Thomas (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is ordered that the Commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 41 years old at the time of the ALJ's decision. Claimant completed college education. Claimant has worked in the past as a reservationist and news editor. Claimant alleges an inability to work beginning November 1, 2017 (as amended at the

3

administrative hearing) due to limitations resulting from a back injury with chronic pain, left foot pain, anxiety, and depression.

## Procedural History

On April 25, 2019, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On August 5, 2020, Administrative Law Judge ("ALJ") Christopher Hunt conducted an administrative hearing by telephone due to the extraordinary circumstances posed by the COVID-19 pandemic.  On August 19, 2020, the ALJ issued an unfavorable decision.  On May 18, 2021, the Appeals Council denied review.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ erred in (1) failing to properly

4

evaluate the medical evidence; and (2) his consistency analysis.

## Consideration of the Medical Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of obesity and degenerative disc disease. (Tr. 13). The ALJ concluded that Claimant retained the RFC to perform light work except that he could lift up to 20 pounds occasionally and 10 pounds frequently; could sit six hours in and eight hour day; could stand and/or walk two hours in an eight hour day; and could occasionally balance, stoop, kneel, crouch, and crawl, but should not climb ladders, ropes, and scaffolding. The ALJ also found Claimant could occasionally operate pedals and foot controls. (Tr. 15-16).

After consulting with a vocational expert, the ALJ concluded Claimant could perform his past relevant work as a reservationist, which was found to be sedentary, semiskilled work and as a news editor, which was found to be sedentary but actually performed by Claimant as light work. (Tr. 20-21). As a result, the ALJ found Claimant was not disabled from December 3, 2014 through December 31, 2019, the date last insured. (Tr. 21).

Claimant contends the ALJ failed to properly evaluate the medical opinion evidence. Specifically, Claimant was evaluated

5

by Dr. Denise LaGrand, a licensed clinical psychologist. On August 29, 2018, Dr. LaGrand completed an evaluation report as a result of her examination and interview. After setting forth the results of her testing and examination, Dr. LaGrand concluded that Claimant suffered from "mood disorder, NOS (mild depressive and anxious features)". (Tr. 268). In her medical source statement, Dr. LaGrand stated

> While Claimant does report some mental/emotional symptoms, they do not appear to significantly affect her ability to work. The extent to which physical problems limit (sic) ability to function are beyond the scope of this evaluation. The claimant stated that he is essentially working a fult-time job taking care of his fiancé. He quit his last job due to being passed over for a promotion, and feels he was performing his job well. He might work best in a job with minimal contact with others.
>
> Id.

Dr. LaGrand concluded Claimant suffered "moderate impairment" in the areas of Social Interaction, Adaptation, Work interruptions due to psychiatric symptoms, Accepting instructions from supervisors, Interacting with co-workers and the public, and Dealing with stress in a work environment. Id.

On November 12, 2019, Dr. LaGrand once again evaluated Claimant and completed an evaluation report. She found Claimant

6

suffered from adjustment disorder. (Tr. 298). In reaching this conclusion, Dr. LaGrand stated in her medical source statement that

> While the claimant does report some mental/emotional symptoms, they do not appear to significantly affect (sic) ability to work. The extent to which physical problems limit (sic) ability to function are beyond the scope of this evaluation. From a mental standpoint, the claimant would work best in a job where interpersonal contact is incidental to the work performed, and supervision is simple, direct, and concrete.
>
> Id.

Dr. LaGrand found Claimant to be moderately limited in the areas of Social Interaction, Adaptation, Working without special/additional instruction, Work interruptions due to psychiatric symptoms, Accepting instructions from supervisors, Interacting with co-workers and the public, and Dealing with stress in a work environment. Id. She also determined that Claimant could handle funds without impairment. (Tr. 299).

In his decision, the ALJ recognized and recited from Dr. LaGrand's reports in determining Claimant's severe impairments at step two. The ALJ concluded that, based upon Dr. LaGrand's testing, Claimant had a mild limitation in the four broad functional areas of understanding, remembering, or applying information; interacting with others; concentrating, persisting,

7

or maintaining pace; and adapting or managing oneself. (Tr. 13-14).

Despite utilizing Dr. LaGrand's testing data in concluding Claimant did not suffer from a severe mental impairment, he essentially rejected her clinical findings and opinions on limitations caused by Claimant's mental testing. He stated

> The undersigned also considered the mental health consultative examinations conducted in 2018 and 2019 by Denise LaGrand, Psy.D. In both consultative examination reports, Dr. LaGrand found the claimant had a moderate impairment in areas such as social interaction, adaptation, and dealing with stress. She also found no impairment or mild impairment in areas such as performing detailed and complex tasks, performing work activities consistently, and understanding and memory. . . . She also believed he had the ability to handle funds without impairment. . . . Apart from her opinion on the claimant's ability to handle funds, Dr. LaGrand did not provide more than vague opinions of claimant's functional limitations. Further, based on her examination of the claimant and other medical records, the undersigned finds there are no more than mild in areas (sic) such as social adaptation and ability to adapt, as discussed in more detail above. Thus, the opinion on his ability to manage funds is supported and persuasive, but the remainder of the opinion is not specific enough regarding his mental functional capacity to be persuasive.
>
> (Tr. 15).

The ALJ's rather dismissive statements present a flawed basis

for rejection. Claimant is correct that Dr. LaGrand employed one of the same terms used by the Social Security Administration in the Program Operations Manual System or "POMS" in assessing mental residual functional capacity in finding Claimant "moderately limited" in certain functional areas. <u>DI 24510.060 Mental Residual Functional Capacity Assessment</u>; 20 C.F.R. § 404.1520a(c)(4)(terms used to evaluate mental limitations include "none, mild, moderate, marked and extreme."). The ALJ's rejection of Dr. LaGrand's conclusions on Claimant's limitations as "vague" and "not specific" would render the same terms used in the Social Security Administration's POMS as "vague" and "not specific" – a suggestion that the SSA has not made in other cases where the terms were used. The ALJ's evaluation in this regard constitutes reversible error.

Moreover, the ALJ ultimately substituted his own medical opinion based upon the testing evidence developed from Dr. LaGrand's evaluation to reach a different conclusion after finding the mental health professional's conclusions to be "vague" and "not specific." In doing so, the ALJ did not cite to evidence in the record which would justify the rejection of Dr. LaGrand's conclusions. Clearly, an ALJ cannot substitute his own medical opinion for that of a medical professional. <u>Miller v. Chater</u>, 99

9

F.3d 972, 977 (10th Cir. 1996). By not providing an adequate factual foundation for the rejection of Dr. LaGrand's opinions, the ALJ effectively found his own evaluation of the record in reaching a conclusion on the level of impairment rather than that of the mental health professional, which is error. *See also* Winfrey v. Chater, 92 F.3d 1017, 1022-23 (10th Cir. 1996)("[T]he ALJ erred in rejecting Dr. Spray's opinions without adequate justification and in substituting his own medical judgment for that of mental health professionals."). On remand, the ALJ shall re-evaluate Dr. LaGrand's conclusions in light of the testing evidence and, if he maintains his rejection of the conclusions, he shall provide a basis in the medical testing for doing so.

### Consistency Analysis

Since the ALJ's decision is reversed on an improper evaluation of a medical impairment opinion, the ALJ shall also review his consistency analysis in light of his re-evaluation of Dr. LaGrand's opinions as necessary.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the

Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** to Defendant for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 27th day of March, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE